■ THOMAS M. PRYTHERCH, Appellant, v. JUANITA M. PRYTHERCH, Respondent.— In an action by plaintiff husband against defendant wife for divorce or separation, in which the jury, on framed issues, found defendant guilty of adultery on three specified occasions, plaintiff appeals from an order of the Supreme Court, Nassau County, dated November 18, 1963, which: (1) granted defendant's motion for leave to serve a supplemental answer alleging condonation by plaintiff subsequent to the trial of the framed issues; (2) denied in all respects plaintiff's motion (a) to dismiss the defense of condonation alleged in the answer previously served; (b) to dismiss the counterclaims for separation alleged in that answer; and (c) for judgment in plaintiff's favor; and (3) set the case down for trial for a day certain. Order modified by striking out its last paragraph denying plaintiff's motion in all respects, and by substituting therefor: (1) a provision granting plaintiff's motion to the extent of dismissing the defense of condonation alleged in the answer previously served as a first, separate and affirmative defense to the second cause of action in the complaint; and (2) a provision denying plaintiff's motion in all other respects. As so modified, order affirmed, without costs. Subject to the approval of the Justice presiding, the action is directed to be placed at the head of the Special Term Matrimonial Calendar for trials. In the answer which was previously served, the defense pleaded alleges, in substance, that plaintiff admitted to defendant that he knew that she was free of any wrongdoing and that he desired to resume marital cohabitation. Those facts, in our opinion, do not constitute an allegation that " the offense charged has been *forgiven* by the plaintiff " (Domestic Relations Law, § 171, subd. 2, emphasis supplied; cf. *Deisler* v. *Deisler,* 59 App. Div. 207, 215–216; *Harris* v. *Harris,* 83 App. Div. 123, 126–127). The proposed supplemental answer again alleges, in substance, that plaintiff told defendant that he knew that she was innocent of wrongdoing and that he asked defendant to have marital relations with him; and then alleges that on October 23, 1963 (which was subsequent to the trial of the framed issues) the parties actually did cohabit. Assuming, as we must, the truth of the allegation that plaintiff voluntarily cohabited with defendant (cf. *Friedman* v. *Park Lane Motors,* 18 A D 2d 262, 264) and disregarding the other allegations as surplusage, we are of the opinion that the proposed defense is not insufficient as a matter of law. Condonation is primarily a state of mind, and whether conduct on the part of the spouse offended against amounts to condonation is largely a ques-

tion of fact (1 Nelson, Divorce and Annulment [2d ed.], §§ 11.01, 11.02, pp. 373–378; cf. *Harris* v. *Harris*, 83 App. Div. 123, 127, *supra*). While a single act of sexual intercourse may not establish condonation as a matter of law, we are of the opinion that such an act is some evidence of forgiveness, and that it should not be held as a matter of law that under no circumstances may a finding of condonation be based upon a single act. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.